IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-450 |
| | § | C.A. No. C-08-200 |
| TERRY JOE CARTER, | § | |
| | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

On June 19, 2008, the Clerk received Movant Terry Joe Carter's ("Carter") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Shortly thereafter, Carter filed two other motions, the first of which is titled a "Writ of Mandamus" (D.E. 40) and the second of which is titled a "Request for Documents." (D.E. 41.) Both seek copies of the exhibits referenced at Docket Entry 19 in this case, which were the exhibits admitted by the Court at sentencing. The exhibits are records from prior criminal proceedings against Carter. Those motions are addressed herein. Additionally, the Court has reviewed Carter's § 2255 motion and finds that summary dismissal is inappropriate. It therefore orders the government to respond to the § 2255 motion as set forth herein.

### I.    MOTIONS FOR COPIES

As noted, Carter requests copies of the sentencing exhibits in this case, which are documents from his prior criminal proceedings. His first three grounds for relief in his § 2255 motion all challenge, in some manner, the enhancement of his sentence based on his prior convictions, and the Court's sentencing of him under the Armed Career Criminal Act. For example, his first claim is that his counsel was ineffective for failing to challenge the use of those convictions on various grounds. Thus, the documents clearly relate to his § 2255 motion. Moreover, copies of the documents were

provided to counsel for the United States during the pendency of Carter's appeal. (See Docket Entry dated September 14, 2006.)

An indigent defendant has a statutory right to free transcripts and other documents in particular circumstances. See 28 U.S.C. § 753(f); United States v. MacCollum, 426 U.S. 317, 96 S. Ct. 2086 (1976). The defendant must, however, establish that the transcripts are needed to decide an issue in a pending suit and that the suit is not frivolous. 28 U.S.C. § 753(f).

In this case, the Court notes first that Carter has established his indigency. He was entitled to appointed counsel throughout his criminal proceedings, and was permitted to proceed in his criminal appeal *in forma pauperis*. Additionally, Carter's request for the exhibits is a sufficiently narrow one and involves only a limited number of pages with correspondingly limited copying costs. Moreover, reference to those documents may well be necessary to decide an issue pending in the suit. Cf. 28 U.S.C. § 753(f). Thus, the Court concludes that a copy of the exhibits should be provided to Carter.

For the foregoing reasons, Carter's motions for copies of the exhibits from his sentencing hearing, referenced at Docket No. 19 (D.E. 40, 41), are hereby GRANTED. The Clerk is directed to provide a copy of those exhibits to Carter at no charge to him.

## II.     **BRIEFING ORDER**

It is further ORDERED that the United States answer the § 2255 motion (including the supplement filed by Carter on July 11, 2008) not later than sixty days after the entry of this Order. It is also ORDERED that the United States provide, at the time of its answer, transcripts of all pertinent proceedings that are not already part of the record. Relevant affidavits, if any, are also to be filed with the answer.

Pursuant to Rule 5(d) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (2008), Carter may file a reply not later than thirty days after service of the government's answer.

## **CONCLUSION**

For the reasons set forth above, Carter's motions for copies (D.E. 40, 41) are GRANTED. The Clerk is directed to mail Carter a copy of the sentencing exhibits referenced at D.E. 19, at no charge to him.

Additionally, the government is ordered to reply to Carter's § 2255 motion and Carter is permitted to reply, as set forth in Section II, supra.

It is so ORDERED this 22nd day of July, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE