**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-05-450 |
| | § | C.A. No. C-08-200 |
| TERRY JOE CARTER, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE AND ORDER SETTING CASE FOR RE-SENTENCING**

Pending before the Court is Defendant Terry Joe Carter's motion pursuant to 28 U.S.C. § 2255 (D.E. 39.)[1] The United States has filed a response and agrees with Carter that one of his claims entitles him to relief. (D.E. 47.) Carter filed a reply on October 27, 2008 (D.E. 52), which the Court has also considered. Based on the concession of the United States, the Court concludes that one of Carter's claims entitles him to relief in the form of resentencing. The remaining claims in his § 2255 motion are DENIED.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

**II. FACTS AND PROCEEDINGS**

On August 10, 2005, Carter was charged in a single count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (D.E. 1.) On November 28, 2005, Carter pleaded guilty, pursuant to a written plea agreement that included a

---

[1] Docket entry references are to the criminal case, C-05-cr-450.

limited waiver of appeal rights as well as a waiver of rights under § 2255. (D.E. 13; see also Minutes dated 11/28/2005.)

The Court ordered that a Presentence Investigation Report ("PSR") be prepared. (D.E. 14.) The PSR scored Carter at a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4), because his conviction occurred following his conviction for a crime of violence. (PSR at ¶ 12, 32.) The PSR increased his score two levels pursuant to § 2K2.1(b)(5), because the instant offense occurred in connection with his commission of three separate felony offenses. (PSR at ¶ 13.)

Based on several of his prior convictions, however, the PSR determined that Carter was an "armed career criminal," pursuant to § 4B1.4. The PSR relied on a prior conviction for a "serious drug offense," i.e., unlawful delivery of a Controlled Substance (Amphetamine)," two burglary convictions and a robbery conviction. This resulted in his offense level being a 34. After the application of a three-level downward adjustment for acceptance of responsibility, his total offense level was 31. (PSR at ¶¶ 20-22.) Coupled with his criminal history category of VI,[2] his advisory guideline sentencing range was 188 to 235 months. (PSR at ¶ 61.) His "armed career criminal" status triggered a statutory minimum sentence of fifteen years imprisonment. (PSR at ¶ 60; see also 18 U.S.C. § 924(e)) Without it, the statutory maximum would have been 120 months. See 18 U.S.C. § 924(a)(2).

Carter, through his counsel Assistant Federal Public Defender Jason Libby, filed written objections to the PSR. (D.E. 15.) First, although acknowledging that the argument was foreclosed, Carter argued the Armed Career Criminal Statute and provisions of § 4B1.4 are unconstitutional

---

[2] Carter had an extensive criminal history, resulting in 23 total criminal history points. (See PSR at ¶¶ 24-41.)

2

pursuant to Apprendi v. New Jersey, 530 U.S. 436 (2000).  Second, he objected to his classification as a "violent career criminal" on the grounds that his conviction for "Unlawful Delivery of a Controlled Substance (Amphetamine)" did not qualify as a "serious drug offense."  He argued that the statute pursuant to which he was convicted includes an "offer to sell," which does not qualify as a "serious drug offense."  He also argued that, due to the broadness of the subject Texas statutes, his burglary and robbery offenses did not constitute "violent felonies" because they did not contain as an element the use, attempted use, or threatened use of physical force against the person of another, or otherwise involve conduct that presents a serious potential risk of physical injury to another.  (See PSR at Addendum, pages 1-3.)

Carter was sentenced on February 23, 2006.  Carter again raised his objections, but this Court overruled them.  (See generally D.E. 27, Sentencing Transcript ("S. Tr.").)  The Court sentenced Carter to 188 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term, and imposed a $100 special assessment.  (D.E. 21.)  Carter informed the Court that his appellate waiver was conditioned on Carter receiving no more than ten years imprisonment, and argued that the waiver should not apply.  (S. Tr. at 12.)  The Court agreed that Carter would be permitted to appeal.  (S. Tr. at 12-13.)  For the same reasons, the United States does not seek to enforce Carter's waiver to collaterally attack his conviction herein.  (D.E. 47 at 6.)

On appeal, Carter was again represented by the Office of the Federal Public Defender.  Carter raised a number of challenges to his sentence on appeal,[3] and none of these entitled him to relief, according to the appellate court.  First, Carter argued that a conviction for "burglary" under

---

[3] The Fifth Circuit's opinion provides a summary of these arguments.  (See D.E. 34.)  Additional detail is supplied by the United States in its response as to the precise arguments made by Carter. (See D.E. 47 at 6-7.)

Texas law does not qualify as an enumerated "violent felony" offense under 18 U.S.C. § 924(e)(2)(B)(ii), contending that Shepard v. United States, 544 U.S. 13 (2005) had altered the legal analysis of what constitutes a "generic burglary" offense. The Fifth Circuit found this issue to be foreclosed by United States v. Fuller, 453 F.3d 274, 278 (5th Cir. 2006). (D.E. 34 at 2.) Second, he argued that the Court had erred by finding that his prior Texas conviction for delivery of amphetamine constituted a "serious drug offense" pursuant to 18 U.S.C. § 924(e)(2)(A). The Fifth Circuit found any such error "harmless" because his two burglary convictions and robbery conviction were sufficient to sentence him under the ACCA. (D.E. 34 at 2, citing United States v. Munoz, 150 F.3d 401, 419 n.17 (5th Cir. 1998.)   Third, Carter argued that 18 U.S.C. § 924(e)(1) is unconstitutional on its face and as applied in light of Apprendi v. New Jersey, 530 U.S. 466 (2000),  because a jury did not find the existence of the predicate convictions beyond a reasonable doubt.  As Carter conceded, Fifth Circuit authority foreclosed this claim.  (D.E. 34 at 2.)   Fourth, Carter contended that 18 U.S.C. § 922(g)(1) is facially unconstitutional, or, in the alternative, that the indictment failed to allege – and the United States failed to prove – the requisite effect on commerce to render application of the statute constitutional. He also attacked the adequacy of proof to support the factual basis for his plea.  The Fifth Circuit also rejected these arguments. (D.E. 34 at 2-3.)

The Fifth Circuit affirmed the judgment on February 13, 2007. (D.E. 34.)  Carter's petition for writ of certiorari was denied on June 18, 2007.  (D.E. 36.)

Carter's § 2255 motion was received by the Clerk on June 19, 2008. (D.E. 39.)  It is deemed filed, however, as of June 10, 2008, the date he avers he placed it in the prison mailing system. (D.E. 39 at 14.)  It is timely.  See  Rule 3(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR

THE UNITED STATES DISTRICT COURTS (§ 2255 motion is deemed timely if inmate deposits it in the institution's internal mailing system on or before the last day for filing).  Carter has also filed a "supplement," which was filed after the expiration of § 2255's limitations period.  His supplement contains both claims that relate back to his first filing, and claims that do not.  (See generally D.E. 42; see also Mayle v. Felix, 125 S. Ct. 2562, 2571-72 (2005) (examining the interaction between AEDPA's statute of limitations and the relation-back provision of Fed. R. Civ. P. 15(c)(2) and instructing that claims relate back to an original pleading when there exists between the two a common "core of operative facts.").)  As discussed herein, the claims that do not relate back to his original filing are DENIED as time-barred.  The remaining claims are addressed on their merits herein.  As to Carter's claim that his counsel was ineffective for failing to challenge the use of his burglary convictions to enhance his sentence because the statute of conviction did not require intent, the United States concedes that he has successfully shown ineffective assistance of counsel on this issue.  Based on this concession, the Court therefore grants Carter relief and will resentence him.  Carter's remaining claims are DENIED WITHOUT PREJUDICE.

### III.  MOVANT'S ALLEGATIONS

In his § 2255 motion (D.E. 39), Carter raises several claims.  First, he contends that he was denied effective assistance of counsel based on alleged errors by his counsel. These alleged errors are that:

> (1) counsel failed to object to his sentence being enhanced based on the burglaries and to obtain an offer of proof that they qualify as crimes of violence;
>
> (2) counsel failed to inform him of his right to challenge the use of his prior convictions; and
>
> (3) counsel failed to object to the United States' failure to offer any

proof of his prior convictions.

(D.E. 39 at 5.)   Carter's second claim is that the Court erred in utilizing his prior convictions to enhance his sentence because there was insufficient proof of those convictions.  In particular, Carter alleges that he did not have the requisite "mens rea" for the burglary convictions because he pleaded guilty to a type of burglary where there "was no intent."  Thus, they cannot be crimes of violence. In his third ground for relief, Carter simply states that his enhanced sentence is unconstitutional because the statutory maximum for his offense was ten years.  Fourth and finally, Carter argues that 18 U.S.C. § 922(g)(1) is unconstitutional on its face.

On July 11, 2008, Carter filed a supplement to his § 2255 motion.  (D.E. 42.)  In that supplement, Carter elaborates on his earlier challenge to the use of his burglary convictions to enhance his sentence.   Specifically, he argues that the burglary statute under which he was convicted does not have an element of "intent" for all of the subsections of that statute.  He contends that the United States did not offer any proof of which subsection he pleaded guilty to.  Based on this, he argues that counsel was ineffective for failing to raise this precise argument at sentencing or on appeal.  He relies on two cases decided one week after his petition for writ of certiorari was denied, United States v. Herrera-Montes, 490 F.3d 390 (5th Cir. 2007) and United States v. Ortega-Gonzaga, 490 F.3d 393 (5th Cir. 2007).

Carter's supplement also raises for the first time in these proceedings various jurisdictional challenges to his conviction and sentence.  He attaches a 20-page memorandum that he appears to have copied from some secondary source or from a brief prepared for another purpose or another case, which argues that: (1) the Court lacked jurisdiction over any criminal activity occurring in non-federal lands, and (2) the Court lacked jurisdiction over any alleged violation of Title 18 and 21

6

because there is not general criminal jurisdiction, the titles were never properly passed into law, and they exceed the United States' limited authority to regulate interstate commerce. (See D.E. 42.)

In its response, the government argues that most of the claims in Carter's supplement are time-barred, including all of his jurisdictional challenges. (D.E. 47 at 9.) That is, the United States contends that the supplement was filed beyond the one-year statute of limitations and that most of the claims therein do not relate back to his original, timely filing. (Id.)

As to Carter's claim that his counsel was ineffective for failing to challenge the use of his burglary convictions as predicate convictions under the ACCA due to the lack of an intent element in the statute of conviction, the government concedes both that Carter has established cause and prejudice for not raising this issue on appeal, and that he has set forth a valid claim. (D.E. 47 at 10-18.) The United States urges that the Court either resentence him without the ACCA enhancement or "set the matter for a hearing to further explore the basis of Carter's subject burglary convictions," although "history does not suggest additional state court documents will be readily available." (D.E. 47 at 19-20.) The United States argues that his remaining claims do not entitle him to relief.

## IV. DISCUSSION

### A.     Challenges to Jurisdiction

As noted, the United States argues that Carter's challenges to the jurisdiction of the Court are time-barred. The Court agrees. A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

In this case, Carter's petition for writ of certiorari was denied, and his conviction therefore became final, on June 18, 2007.  (D.E. 36.)  Carter had one year from that date, or until June 18, 2008, to file his § 2255 motion.  Carter's supplement was received by the Clerk on July 11, 2008.  It does not indicate when it was given to prison officials for mailing, but it does contain a handwritten date of July 3, 2008.  Even if it is deemed filed as of July 3, 2008, it was filed beyond the deadline as calculated under § 2255(1), and is untimely.

Carter provides no explanation as to the untimeliness of his motion, nor does he argue for statutory or equitable tolling.  In any event, while the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'"  United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).  In short, neither Carter's motion nor the record offers any basis at all for equitable tolling, let alone establishes that his is the rare or exceptional case where such tolling is required.  Moreover, the record discloses no basis for applying any subsection other than § 2255(1) to determine the start of the limitations period.

Accordingly, the Court concludes that Carter's failure to timely file the claims raised in his supplement that do not relate back to his original filing requires that those claims be dismissed with prejudice as time-barred.  Those claims are all the claims challenging the jurisdiction of the Court on various legal theories.[4]

**B.     Claim of Ineffective Assistance of Counsel At Sentencing**

The government has made clear that it is unopposed to granting resentencing to Carter as to

---

[4] Moreover, the Court has reviewed those claims, all of which challenge the jurisdiction of the Court.  Even if they were properly before the Court, they are meritless and do not entitle Carter to relief.

his claim that his counsel was constitutionally ineffective for failing to challenge the burglary convictions on the grounds that the statute of conviction did not constitute a "generic burglary" for purposes of the Armed Career Criminal Act. ("ACCA"). Indeed, the government informs the Court that the judgments in Carter's burglary cases, recently obtained by the United States, "do not affirmatively demonstrate that Carter was convicted of burglary requiring the intent to commit a crime at entry." (D.E. 47 at 17.) Thus, it continues, the "available record does not support the use of the subject burglary convictions as 'violent felonies.'" (Id.) The United States also advises that "Carter's other convictions do not form an alternate basis for the subject enhancement." (Id.)

Based on this non-opposition and the government's concessions, the Court will hold a re-sentencing hearing for Carter.

**C.     Remaining Claims**

Carter's remaining timely claims all relate to his sentence, either challenging it directly or claiming ineffective assistance of counsel for failing to challenge his sentence on certain grounds. These claims are mooted by the Court's grant of a resentencing to Carter. Accordingly, they are DENIED AS MOOT. Additionally, Carter's claim that Section 922(g) is unconstitutional on its face is a claim that was raised on his appeal and rejected by the Fifth Circuit. It has long been "settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986) (affirming district court's refusal to entertain the defendant's § 2255 motion). Thus, this claim is also denied because it is barred from consideration here.

**V. CONCLUSION**

For the above-stated reasons, Carter's motion under 28 U.S.C. § 2255 (D.E. 36) is

9

GRANTED IN PART and DENIED IN PART. Carter shall be resentenced on May 27, 2009 at 1:30 p.m. Additionally, Carter is entitled to an attorney to represent him at his resentencing. Because he was determined to be financially eligible for appointed counsel during his criminal proceedings, and his re-sentencing is a continuation of those proceedings, the Court hereby appoints Mr. Vincent A. Gonzalez to represent Carter at his resentencing. The Clerk shall provide a copy of this Order directly to Mr. Carter, as well as to Mr. Gonzalez.

It is so ORDERED this 24th day of March, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE